UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROE I, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-0627-DFH-JMS |
| ) | |
| BRIDGESTONE CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON PENDING MOTIONS

The court hereby grants plaintiffs' motion for leave to file their amended motion for class certification (Docket No. 124). The amended motion supercedes the original motion for class certification (Docket No. 66), which is hereby denied without prejudice as moot.

Plaintiffs have also moved to file an amended complaint adding tort claims under Indiana law. Plaintiffs filed their original complaint in the Central District of California and included several state law claims under California law. After the case was transferred to this district, the court dismissed the claims under California law. *Roe v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 1024 (S.D. Ind. 2007) (dismissing all claims except child labor claims alleging violations of international norms actionable under the federal Alien Tort Statute, 28 U.S.C. § 1350). Plaintiffs now seek to assert claims for intentional and negligent infliction

of emotional distress, negligent retention, and unjust enrichment under Indiana law. Defendants oppose the motion to amend, arguing that the amendment is futile because Indiana choice of law principles would bar application of Indiana law to labor practices in Liberia.

Federal courts liberally grant leave to amend pleadings under Rule 15 of the Federal Rules of Civil Procedure, but need not allow an amendment that would be futile, such as where the amended claim would not survive a motion to dismiss. *E.g.*, *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (affirming denial of futile amendment).

The parties have briefed this issue on the assumption that Indiana choice of law rules govern here, and the court accepts that assumption. Indiana courts would not apply Indiana tort law to the alleged wrongs against plaintiffs in the nation of Liberia. For many years, Indiana applied to tort cases the law of the place of the wrong, *lex loci delicti*. *Simon v. United States*, 805 N.E.2d 798, 804-05 (Ind. 2004) (answering question certified by federal appellate court). In *Hubbard Manufacturing Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987), however, the Indiana Supreme Court relaxed that rigid rule in cases where the place of the tort "bears little connection to the legal action." In such cases, the court may consider the place where the conduct causing the injury occurred, the residences or places of business of the parties, and the place where the relationship is centered. *Id.* at

1073-74 (applying law of Indiana to accident in Illinois where all parties resided in Indiana and their relationship was centered in Indiana).

Similarly, in *Simon v. United States*, plaintiffs filed wrongful death claims against the United States for alleged negligence of air traffic controllers causing an airplane crash in Kentucky. The Indiana court found that the location of the crash bore little connection to the legal action. 805 N.E.2d at 806. The alleged negligence occurred in Indiana and the District of Columbia; the victims resided in Pennsylvania and New Jersey. The Indiana court ultimately concluded that Indiana substantive law would apply because the alleged negligence in Indiana was most proximate to the harm. *Id.* at 807.

Plaintiffs' tort claims in this case fail to pass the threshold test under *Hubbard* and *Simon*. This is not one of those rare cases in which the place of the alleged torts – Liberia – bears little connection to the legal action. The challenged alleged activity – permitting, encouraging, or even requiring hazardous child labor at the Firestone Rubber Plantation in Liberia – occurred in Liberia. Any alleged harm was suffered in Liberia. The parties' relationship is centered in Liberia. All plaintiffs reside in Liberia. Indiana courts would apply the traditional *lex loci delicti* rule to apply Liberian law to these alleged torts.

To avoid this result, plaintiffs argue that the last events necessary to make defendants liable took place in Indiana. Pl. Reply Br. 9. This undeveloped

-3-

assertion is groundless. The alleged wrongs took place in Liberia and the alleged harms were suffered in Liberia. The role of defendants in Indiana and elsewhere in supervising operations in Liberia does not change the fact that plaintiffs suffered the alleged harms in Liberia. There is no cause of action until there is an injury, and the alleged injuries in Liberia would have been the last events needed to hold defendants liable under plaintiffs' theories.

Plaintiffs also rely on *Doe v. Exxon Mobil Corp.*, 2006 WL 516744 (D.D.C. March 2, 2006), in which the court applied District of Columbia choice of law rules to find that District of Columbia law would apply to claims that a United States company abetted alleged civil rights abuses by the Indonesian army in Indonesia in connection with the construction and operation of a natural gas pipeline. The court applied the District of Columbia "governmental interests" analysis to apply District of Columbia law to events in Indonesia, concluding that the United States had an overriding interest in applying its own laws to defendants based in the United States. *Id.* at *2. Judge Oberdorfer wrote: "Ultimately, the United States, the leader of the free world, has an overarching, vital interest in the safety, prosperity, and consequences of the behavior of its citizens, particularly its super-corporations conducting business in one or more foreign countries." *Id.* Plaintiffs' reliance on *Exxon Mobil* is not persuasive here because Indiana rejects the "governmental interests" test applied in the District of Columbia. *Simon v. United States*, 805 N.E.2d at 803.

Plaintiffs also argue that defendants have failed to satisfy the threshold requirement for a choice of law problem, a showing that Indiana law and Liberian law differ in an important way.  See *Simon*, 805 N.E.2d at 805; *Hubbard*, 515 N.E.2d at 1073.  In this case, the court does not believe the burden can fairly be placed on defendants to undertake that effort of exploring and analyzing Liberian law.  Most choice of law cases, including *Simon* and *Hubbard*, present a choice between the laws of two or more States of the United States, where there is a plausible argument for applying the different States' laws and where their law is reasonably accessible to lawyers throughout the United States.  Before defendants should be required to take on the burden of learning Liberian law, plaintiffs should need to come forward with at least a plausible basis for applying Indiana law.  They have not done so.  As noted, all plaintiffs reside in Liberia, all alleged wrongs occurred in Liberia, and all alleged harm was suffered in Liberia.  The case proceeds in this court because the Alien Tort Statute authorizes certain claims under international law, but the statute does not provide an invitation to apply substantive domestic United States law to activity throughout the world.

Accordingly, plaintiffs' motion for leave to file the First Amended Complaint (Docket No. 112) is hereby denied as futile.

So ordered.

Date: July 11, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court

-6-

Southern District of Indiana

-7-

Copies to:

Nicole N. Auerbach
THE VALOREM LAW GROUP
nicole.auerbach@valoremlaw.com

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly Denise Jeselskis
MACEY SWANSON AND ALLMAN
kjeselskis@maceylaw.com

Virginia Kim
THE VALOREM GROUP, LLC
35 East Wacker Drive, Suite 2900
Chicago, IL 60601

Patrick J. Lamb
THE VALOREM LAW GROUP, LLC
patrick.lamb@valoremlaw.com

Christian Alexandra Levesque
CONRAD & SCHERER
731 8th Street SE
Washington, DC 20003

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Nora L. Macey
MACEY SWANSON AND ALLMAN
nmacey@maceylaw.com

Mark J.R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Terence M. Murphy
JONES DAY
tmmurphy@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Mark D. Sayre
THE VALOREM LAW GROUP LLC
mark.sayre@valoremlaw.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Natacha Thys
CONRAD & SCHERER
nt@conradscherer.com

Hugh J. Totten
THE VALOREM LAW GROUP
hugh.totten@valoremlaw.com