UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROES 1-12, SAAH FORYOR, JR., ABRAHAM FORYOR, ANDREW FAYIAH, JOHNNY MYCIAGA, AARON KOLLIE, JR., DANIEL FLOMO, BOIMAH FLOMO, SAAH LEAYON, TAMBA LEAYON, JR., ALEX VARNIE, SAMUEL VARNIE, JOHN KERKULA, SAMUEL THOMAS, JOSHUA THOMAS, ELIJAH PETER, MARTU FAYIAH, JANNABA FALLAH, DORIS FALLAH, BENDU DOLO, MARTHA KOLLIE, REBECCA KOLLIE, NYAMAH FLOMO, and PRINCESS VARNIE,<br><br>        Plaintiffs,<br><br>   v.<br><br>BRIDGESTONE AMERICAS HOLDING INC., et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-0627-DFH-JMS |

ORDER ON PLAINTIFFS' ALTERNATIVE MOTION
TO DEFER SUMMARY JUDGMENT RULING

Defendants have moved for judgment on the pleadings and/or for summary judgment on the remaining claims against them. The defendants have submitted extensive evidentiary materials beyond the pleadings. (Some of their legal arguments might be addressed based solely on the pleadings, but they are closely related to issues the court has already considered). Plaintiffs have filed opposition papers supported by extensive evidence. Plaintiffs have filed at the same time an alternative motion to defer ruling on the summary judgment motion pursuant to

Rule 56(f) of the Federal Rules of Civil Procedure. (Dkt. No. 231.) Plaintiffs say they believe they have presented enough evidence to deny summary judgment, but they also assert that they have not had the opportunity to take some discovery that may be relevant to the summary judgment motion. "If," plaintiffs write, "the Court concludes that Plaintiffs must show that Firestone acted under 'color of law,' and it also determines that Plaintiffs have insufficient evidence to survive summary judgment on this point, Plaintiffs move the Court to defer its summary judgment ruling until Plaintiffs have had the opportunity to conduct the appropriate discovery." *Id.* at 2. Plaintiffs have supported their Rule 56(f) motion with the required affidavit from counsel.

The defendants' motion makes some purely legal arguments that might be addressed solely on the basis of the pleadings, but also seeks summary judgment based on extensive factual materials. Because the purely legal arguments are closely related to matters the court has already considered, and because the factually-based arguments are substantial, the court will treat the entire motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

The problem with plaintiffs' alternative motion is its conditional nature. If the court were to accept plaintiffs' invitation, and especially if the court allowed similar tactics in other cases, the practical effect would be nearly to double the court's summary judgment workload and the expense of summary judgment practice in this court. Plaintiffs invite the court to consider the current summary

judgment record (supplemented by any further reply brief and possible surreply brief) and to issue what might well be only an advisory opinion. If that opinion were in favor of granting the motion, it would have to be followed by further discovery and a second "real" decision. This device would require the parties to brief twice, and the court to decide twice, usually months apart, many grants of summary judgment. This is not an appropriate way to manage litigation.

The court will consider one, and only one, response to defendants' motion for summary judgment. To address plaintiffs' concerns, and in light of the unusual obstacles to discovery in this case, the court takes the following actions in response to plaintiffs' alternative motion. First, the court extends for another 120 days (to October 9, 2009) the time for plaintiffs to file a complete response to the pending motion for summary judgment. With the direction that Magistrate Judge Stinson can provide, that delay should allow adequate time to take any additional discovery that is needed and to prepare a complete response. Second, the court hereby strikes plaintiffs' initial response to the motion for summary judgment (Dkt. No. 229). Plaintiffs will need to file one complete response after completing the additional discovery. (The court does not strike Docket No. 230, plaintiffs' evidentiary appendix in response to the motion for summary judgment.) Third, defendants' time to file any reply materials will not run until plaintiffs file their complete response to the motion for summary judgment.

So ordered.

Date: June 11, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nicole N. Auerbach
THE VALOREM LAW GROUP
nicole.auerbach@valoremlaw.com

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly Denise Jeselskis
MACEY SWANSON AND ALLMAN
kjeselskis@maceylaw.com

Virginia Kim
THE VALOREM GROUP, LLC
35 East Wacker Drive, Suite 2900
Chicago, IL 60601

Patrick J. Lamb
THE VALOREM LAW GROUP, LLC
patrick.lamb@valoremlaw.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Nora L. Macey
MACEY SWANSON AND ALLMAN
nmacey@maceylaw.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Mark D. Sayre
THE VALOREM LAW GROUP LLC
mark.sayre@valoremlaw.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Natacha Thys
CONRAD & SCHERER
nt@conradscherer.com

Hugh J. Totten
THE VALOREM LAW GROUP
hugh.totten@valoremlaw.com