UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOIMAH FLOMO, *et al.*,<br>    *Plaintiffs*, | )<br>)<br>) |
| *vs.* | )   1:06-cv-00627-WTL-JMS<br>) |
| BRIDGESTONE AMERICAS HOLDING, INC., *et al.*,<br>    *Defendant*. | )<br>)<br>) |

## **ORDER**

Presently before the Court is Defendants' Motion for Order Directing Plaintiffs to Explain Preparation and Submission of Questionable Declarations (the "Motion"). [Dkt. 265.]

Through their Motion, Defendants seek one of two things. First, they seek a Court order requiring three of the Plaintiffs to explain the preparation of their declarations submitted for class-certification purposes, given what Defendants deem the conflicts between those declarations and Plaintiffs' later deposition testimony. [*Id.* at 9.] In particular, Defendants want Plaintiffs to explain the role of two non-attorneys, Messrs. Kollie and Llyod, who were involved in securing Plaintiffs' execution of the declarations. [*Id.*] Defendants think, for example, that those gentlemen may not have properly translated contents of the declarations for the Plaintiffs (and, implicitly, suggest a possibility of more nefarious activities in that regard). [*See* dkt. 265 at 5.] Alternatively, Defendants request leave to serve interrogatories about the inconsistencies in the declarations and the deposition testimony, leave that is occasioned by Defendants' exhaustion of the twenty-five interrogatories authorized under Federal Rule of Civil Procedure 33(a)(1). [*See id.*] As a subsidiary request to this alternative, Defendants additionally ask that the Court overrule Plaintiffs' objections to document requests designed to verify Plaintiffs' counsel's claims that Messrs. Kollie and Lloyd are actually agents of Plaintiffs' counsel and that

their communications with Plaintiffs thus fall within the attorney-client privilege and/or work-product immunity. [*Id.* at 8.]

**A. The Request to Exercise the Court's Inherent Authority**

As to Defendants' first request, the Court certainly possesses sufficient inherent authority to explore any potentially false statements submitted into evidence. *Manez v. Bridgestone Fireston North American Tire, LLC*, 533 F.3d 578, 585 (7th Cir. 2008) ("No matter who allegedly commits a fraud on the court—a party, an attorney, or a nonparty witness—the court has the inherent power to conduct proceedings to investigate that allegation and, if it is proven, to punish conduct."). Nevertheless, as part of their (successful) attempts to deny class certification, Defendants presented most—if not all—of the contradictions that they now raise here to the District Judge. Although they didn't previously ask for an investigation into those contradictions, the District Judge certainly could have ordered one *sua sponte* if necessary. But the District Judge didn't do so, concluding instead that the contradictions "may well be attributable to innocent causes." [Dkt. 165 at 22.] Given the time that the Court has already expended considering those contradictions, and given Plaintiffs' colorable explanations for them, the Magistrate Judge concludes that focusing on actually bringing this four-year old case to trial is a better use of everyone's time. As such, the Court declines to exercise its inherent authority to independently investigate the preparation of the declarations.

**B. The Request for Interrogatories**

As to Defendants' alternative request for interrogatories, the twenty-five interrogatory limit contained in Federal Rule of Civil Procedure 33 "is not meant to prevent needed discovery, but to provide some judicial scrutiny before parties make potentially excessive use of this discovery device." *Illiana Surgery & Med. Ctr. LLC v. Hartford Fire Ins. Co.*, 2008 U.S. Dist.

LEXIS 97770, *5 (N.D. Ind. 2008). The Court should authorize additional interrogatories so long as they don't violate the general prohibitions on discovery found in Federal Rule of Civil Procedure 26(b)(2). Fed. R. Civ. Pro. 33(a)(1). Thus, Defendants' request for additional interrogatories will be proper unless the Court finds any of the following:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. Pro. 26(b)(2)(C).

At the Court's direction, Defendants have filed their proposed interrogatories. [Dkt. 335.] Defendants seek to serve a total of nine interrogatories, divided (unequally) among the three Plaintiffs whose declarations are at issue. To take Plaintiff Dorris Fallah as a representative example, Defendants propose the serve her the following three interrogatories:

> **INTERROGATORY NO. 10:** At Doris Fallah's deposition on April 21, 2008, she testified that the only time she had seen THE DECLARATION was on that day and on April 15, 2008. Doris Fallah Dep., pp. 80-83. Did Doris Fallah in fact sign her name or put her thumbprint on the declaration on December 11, 2007, the date it bears? The response should include, without limitation, information from Messrs. Kollie and Lloyd if they were present.
>
> **INTERROGATORY NO. 11:** State in detail the facts and circumstances showing that Doris Fallah signed or affixed her thumbprint to THE DECLARATION on or about December 11, 2007, the date it bears. The response should include, without limitation, information that Messrs. Kollie and Lloyd saw her sign her name or affix her thumbprint on that date.
>
> **INTERROGATORY NO. 12:** State in detail the facts and circumstances showing that Doris Fallah understood the contents of THE DECLARATION at the time she signed or affixed her thumbprint to it. The response should include, for example, information that Messrs. Kollie and Lloyd read THE DECLARATION to her at that time, and that she said she understood it.

[Dkt. 335-3.]

Plaintiffs make only one objection grounded in Federal Rule of Civil Procedure 26(b)(2), the rule governing the propriety of serving additional interrogatories. Plaintiffs argue that the interrogatories are cumulative to the questions that Defendants either asked, or could have asked, during Ms. Fallah's deposition. [*See* dkt. 343 at 3.]

In a normal case, Plaintiffs' argument would be entitled to considerable weight. However, this case is far from a normal one. Plaintiffs, Liberian citizens, are litigating in a federal court in Indianapolis allegations of illegal child labor performed in Liberia. Because the Court cannot issue deposition subpoenas to individuals in Liberia, *see* Fed. R. Civ. Pro. 45(a)(2), Defendants have a limited ability to obtain discovery, making some latitude appropriate for the discovery devices actually available to Defendants.

Additionally, because the Court previously denied class certification, [dkt. 165], and because the parties anticipate a single, four-week jury trial for the claims of all twenty-three remaining Plaintiffs, [*see* dkt. 236 at 3], managing the trial in this matter will be particularly complicated. The District Judge has determined that Defendants will be allowed to cross-examine the three Plaintiffs about the inconsistencies in their declarations. [*See* dkt. 165 at 31 ("Firestone has already raised significant questions regarding the credibility and veracity of the details surrounding the work performed by most of the named plaintiffs. At trial, Firestone would have the right to raise those doubts directly with the finder of fact.").] The trial shouldn't be further complicated with surprise testimony from Plaintiffs about their declarations. Defendants' request to serve the nine additional interrogatories will help avoid that surprise, while imposing only a minimal cost to Plaintiffs to respond.

Thus on balance, the Court determines that Defendants have satisfied the requirements to serve the nine additional interrogatories that they have requested.

Although the Court could wait until Plaintiffs have answered the interrogatories and a motion to compel filed before addressing the substantive objections that Plaintiffs have with the additional interrogatories, the Court will go ahead and briefly address the objections now in the interests of judicial economy.

First, to the extent that the interrogatories seek information known only to counsel or counsel's agents (i.e. Messrs. Collie and Llyod), Plaintiffs claim that the interrogatories are improper. But that argument ignores well-established precedent to the contrary, which permits parties to obtain via interrogatory information known to opposing counsel. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 505 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."). Indeed, Federal Rule of Civil Procedure 26(g) affirmatively requires counsel to certify the propriety of interrogatory (and other discovery responses) "to the best of [counsel's] knowledge, information, and belief formed after reasonable inquiry." Fed. R. Civ. Pro. 26(g)(1).

Second, Plaintiffs object that work-product immunity and/or attorney-client privilege shields information about the evolution Plaintiffs' declarations. [*See* dkt. 343 at 4.] At oral argument, however, Defendants disclaimed any interest in discovery into previous "iterations" of the declarations. [Dkt. 344 at 54.] And the Court's review of the proposed interrogatories confirms that Defendants seek no such information; Defendants merely wish to confirm that Ms. Fallah and the other Plaintiffs actually meant to sign the declarations that were submitted to the Court and, because Plaintiffs are minors with limited (or no) abilities to understand American English, that someone sufficiently explained the declarations to Plaintiffs.

Third, inasmuch as Plaintiffs claim that Messrs. Collie and Llyod are counsel's agents, Plaintiffs argue that their communications with Plaintiffs about the declarations are protected by the attorney-client privilege and/or work-product immunity. [*See* dkt. 343 at 3.] However, despite offering a declaration from counsel about other matters relating to the Motion, Plaintiffs' counsel didn't include in the declaration an averment that those individuals are actually in counsel's employ. [*See* dkt. 274-1.] Because the party seeking to assert a privilege "bears the burden of proving" its applicability, *e.g.*, *Brooks v. Gen. Cas. Co.*, 2007 U.S. Dist. LEXIS 5975, *6 (E.D. Wis. 2007) (collecting cases), and because "arguments in a [party's] brief, unsupported by documentary evidence, are **not** evidence," *United States v. Stevens*, 500 F.3d 625, 629 (7th Cir. 2007) (citation omitted and footnote omitted; original emphasis), the Court currently lacks an evidentiary basis to preclude the interrogatories on privilege grounds. Besides, even assuming the individuals are counsel's agents, simply disclosing that they translated a declaration for the declarants and/or that they answered questions about the declarations' contents fails to implicate the attorney-client privilege or work-product immunity.[1] That information is too general to reveal the contents of any legal advice or mental impressions of counsel.

Fourth, Plaintiffs object that the proposed interrogatories are vague and ambiguous in various ways. [*See* dkt. 343 at 7.] The Court is, however, satisfied that the requests reasonably identify the information requested.

---

[1] Obviously, the extent to which Plaintiffs must disclose the specific questions that they asked and/or the answers that they received depends will depend on whether Messrs. Collie and Lloyd qualify as counsel's agents (as opposed to mere friendly interlopers) in this matter.

Finally, Plaintiffs complain that the interrogatories are harassing. [Dkt. 274 at 2.] The Court disagrees, finding that the interrogatories are a good-faith attempt to explore areas that the District Judge has already determined will be appropriate at trial.

The Court will, therefore, require Plaintiffs to answer Defendants' proposed interrogatories, but will do so without prejudice to Plaintiffs' right to assert specific objections regarding attorney-client privilege or work-product in their answers.

**C. The Request for Documents**

Defendants previously served Plaintiffs with document requests for documents "sufficient to demonstrate [Messrs. Kollie's and Lloyd's] retention or employment by counsel as a legal assistant working for Plaintiffs in this lawsuit." [Dkt. 266-4 at 2-3.] In connection with their proposed interrogatories, Defendants ask the Court to overrule Plaintiffs' relevance objections.

Plaintiffs argue that the document requests fall outside the proper bounds of discovery as they seek information irrelevant to "any party's claim or defense," a prerequisite for proper discovery, Fed. R. Civ. Pro. 26(b)(1). The Court agrees. Knowing whether or not Messrs. Kollie and Llyod are actually counsel's agents is not reasonably calculated to lead to the discovery of admissible evidence about whether Plaintiffs were forced to perform child labor in violation of the Alien Tort Statute. As such, the document requests are improper. Fed. R. Civ. Pro. 26(b)(1).

Although the Court will not order Plaintiffs to produce the requested documents, the Court notes that those documents (or at least the information contained in them) would need to be presented to the Court to support a claim of privilege as to Plaintiffs' communications with Messrs. Collie and Llyod, to establish that those individuals fall within the scope of the attorney-client privilege or work-product immunity. To avoid such a motion to

compel, Plaintiffs may wish to voluntarily provide Defendants with the requested information now.

## CONCLUSION

Defendants' Motion is **DENIED** to the extent that it requests that Court independently investigate Plaintiffs' declarations and to the extent that it seeks to compel the production of documents. It is, however, **GRANTED** to the extent that it seeks leave to serve the interrogatories filed as Docket Number 335-1 to 335-3. Those interrogatories are deemed served as of the date of this Order. Plaintiffs shall answer the interrogatories within fifteen days, or within such longer time as the parties may stipulate in writing.

12/16/2009

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Nicole N. Auerbach
THE VALOREM LAW GROUP
nicole.auerbach@valoremlaw.com

Lisa R. Castle
VALOREM LAW GROUP LLC
lisa.castle@valoremlaw.com

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly Denise Jeselskis
MACEY SWANSON AND ALLMAN
kjeselskis@maceylaw.com

Patrick J. Lamb
THE VALOREM LAW GROUP, LLC
patrick.lamb@valoremlaw.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Nora L. Macey
MACEY SWANSON AND ALLMAN
nmacey@maceylaw.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Mark D. Sayre
THE VALOREM LAW GROUP LLC
mark.sayre@valoremlaw.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Hugh J. Totten
THE VALOREM LAW GROUP
hugh.totten@valoremlaw.com