UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOIMAH FLOMO, *et al.*, | ) |
|     *Plaintiffs*, | ) |
| | ) |
|     *vs.* | ) 1:06-cv-00627-WTL-JMS |
| | ) |
| BRIDGESTONE AMERICAS HOLDING, INC., *et al.*, | ) |
|     *Defendants*. | ) |

## **ORDER**

This matter is before the Court upon Defendants' Expedited Motion re Scope of Brownell Deposition ("the Motion"). [Dkt. 356.] The Motion has been fully briefed. [Dkts. 362, 364].

Mr. Brownell's name has come up repeatedly throughout the papers in this case. He is Plaintiffs' Liberian counsel, [dkt. 195-3], and his contact with Liberian witnesses has been the subject of an earlier order. [Dkt. 204 at 9 (cautioning U.S. counsel that they must appropriately supervise Mr. Brownell as to the bounds of acceptable practice under the Indiana Rules of Professional Conduct as Mr. Brownell was found to have violated Ind. R. Prof. Conduct 4.2).]

Mr. Brownell's name has resurfaced with respect to two issues for which Defendants seek discovery during the parties' planned trip to Liberia this month. The first is the issue of whether Plaintiffs have received payments of any kind related to their participation in this lawsuit. The Court has previously ruled, and Plaintiffs do not now contest, that Mr. Brownell may be deposed about the payment issue. Mr. Brownell's deposition is scheduled in the coming days to address this topic.

The second issue that has arisen concerns the continuing saga of the paternity of Plaintiff Johnny Myciaga a/k/a Joseph Fahn. While Fayiah Myciaga has filed suit as Johnny's guardian, Johnny's mother and stepfather dispute Myciaga's claim of paternity. Both sides have submitted

declarations purporting to be signed by Flomo Sulon, in which he first admits, then denies, being Johnny's biological father. The second Sulon declaration is replete with references to communication between Mr. Sulon and Mr. Brownell. [Dkt. 333-1.]

Having received these competing declarations, the Court previously ruled:

> [W]hen the parties return to Liberia for the next round of depositions, the parties should conduct depositions that relate to the circumstances under which Mr. Sulon's affidavits—both the one that Defendants have submitted and the new one that Plaintiffs have submitted—were obtained. To the extent that any depositions need to be reopened solely to explore these issues, the parties are given leave to reopen them. Inasmuch as the Court is sure that no counsel in this action would tolerate a fraud upon the Court, the Court anticipates that neither side will lodge any work-product objections over questioning about who said what to Mr. Sulon, and what he said in return.

[Dkt. 334 at 3.]

While the Court considers its directive in the prior entry clear, the Court will emphasize that Mr. Brownell may be questioned concerning his communications with Mr. Sulon. Given the conflicting declarations that Mr. Sulon submitted and the allegations of fraud, the Court does not consider any such communication protected by the work-product privilege. The content of Mr. Brownell's and Mr. Sulon's conversation—and indeed any information related to the circumstances under which the both declarations were prepared or obtained—are properly discoverable.[1] To the extent that Plaintiffs' seek protection of communications between Mr. Brownell and Plaintiffs' counsel, the Court's earlier entry does not explicitly authorize such inquiry. But as Defendants propose, any appropriate privilege claims can and must be raised in response to specific questions. The Court's intention is obtain as much information as possible

---

[1] Just as discoverable are communications between Mr. Sulon and Nancy Fahn, Moses Fahn, and/or Saliyah Blamah. [Dkts. 290-10, 333-1 par. 7.]

as to the genesis of each of Mr. Sulon's declarations, and the witnesses to the creation of each should be questioned thoroughly.[2]

It is so ordered.

01/07/2010

*Jane Magnus-Stinson*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Nicole N. Auerbach
THE VALOREM LAW GROUP
nicole.auerbach@valoremlaw.com

Lisa R. Castle
VALOREM LAW GROUP LLC
lisa.castle@valoremlaw.com

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

---

[2] Thus if Mr. Sulon can be deposed, he should be.

Kimberly Denise Jeselskis
MACEY SWANSON AND ALLMAN
kjeselskis@maceylaw.com

Patrick J. Lamb
THE VALOREM LAW GROUP, LLC
patrick.lamb@valoremlaw.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Nora L. Macey
MACEY SWANSON AND ALLMAN
nmacey@maceylaw.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Mark D. Sayre
THE VALOREM LAW GROUP LLC
mark.sayre@valoremlaw.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP

schonbrun.ben@gmail.com

Hugh J. Totten
THE VALOREM LAW GROUP
hugh.totten@valoremlaw.com