UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOIMAH FLOMO, *et al.*, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs.* | ) | 1:06-cv-00627-WTL-JMS |
| | ) | |
| BRIDGESTONE AMERICAS HOLDING, INC., *et al.*, | ) ) | |
|     *Defendants*. | ) | |

## **ORDER**

Presently before the Court are two discovery motions. The first is Defendants' Motion to Compel Plaintiff Saah Leayon to Appear for Deposition and Respond to Interrogatories (the "<u>Motion to Compel</u>"). [Dkt. 421.] The second is Defendants' Renewed Motion for an Order Requiring Plaintiffs, at Their Expense, to Produce Matthew Lloyd for His Continued Deposition, and for Other Relief (the "<u>Motion to Reopen Deposition</u>"). [Dkt. 402.] The Court will address each motion in turn, but first, another civility reminder is important.

**A. Civility**

Previously, the Court reminded counsel on both sides about the civility that normally characterizes practice in this District, civility which inures to the benefit of the bench, bar, and clients alike. [*See* dkt. 237 at 1-2.] After that reminder, the previously harsh tone of the briefs in this matter initially softened. But lately, incivility has again reared its ugly head. For example, in this most recent set of briefs, counsel implicitly (and at times, almost explicitly) lodge unsubstantiated accusations against each other, among other things, of failures of candor—a very serious charge indeed, *see* Fed. R. Civ. Pro. 11; Ind. R. Prof. Cond. R. 3.3.

So the Court will repeat its previous reminder: Counsel on both sides are professionals and must treat each other as such. *See generally* Standards for Professional Conduct Within the

Seventh Federal Judicial Circuit. Furthermore, *ad hominem* attacks on opposing counsel typically detract from, rather than enhance, the merits of legal argument.

While the Court is obviously unable to police counsel's day-to-day interactions, it can—and will—ensure that the parties' briefs comport with the civility standards expected in this District. The Court will strike any brief that fails to live up to those standards without further warning.

**B. The Motion to Compel**

Saah Leayon, now twenty-one years old [dkt. 387-1 at ¶1], filed this suit claiming that he was made to perform "worst forms" of child labor at Defendants' rubber plantation in Liberia. But in the four years since this case has been pending, he has generally refused to participate in discovery: He has now twice failed to appear for noticed depositions and has failed to answer interrogatories. [*See* dkt. 422.] His counsel (and his relatives) have attributed his non-participation in discovery to illness, although the precise nature of that illness hasn't been explained.

Recently, Saah filed a motion to dismiss himself from this lawsuit, citing his "poor health." [Dkt. 387-1 ¶3.] But Defendants objected to that motion. Saah wants a dismissal without prejudice; Defendants insist that any dismissal be with prejudice. The motion to dismiss remains under advisement with the District Judge.

Through their Motion to Compel, Defendants want Saah to submit to the discovery that he has, thus far, ignored before he is dismissed from this case. Because he lives in Liberia, he—and any discoverable information he has about the other Plaintiffs' claims, including those of his brother—will be outside the subpoena power of this Court, or indeed any federal court, *see* Fed. R. Civ. Pro. 45.

Plaintiffs' response brief (which they filed jointly as their reply in support of their motion to dismiss) focuses on whether, under Fed. R. Civ. Pro. 41, the District Judge should require Saah to submit to discovery as a condition of dismissal. [*See* dkt. 447.] Plaintiffs don't, however, make any argument under the discovery rules—those that the Magistrate Judge must apply here—about why Saah shouldn't have to submit to discovery.

When Saah elected to file his lawsuit in federal court, he accepted certain obligations. Among those obligations is the obligation to participate in discovery. *See* Fed. R. Civ. Pro. 26(b)(1). Unless and until the District Judge dismisses him as a party in this case, Saah remains bound to fully participate in discovery, just like any other party.

Accordingly, Saah shall answer all outstanding interrogatories (and document requests, if any) within fourteen days. Because Saah has made no argument that he had "good cause" for failing to timely respond, Saah has waived his right to object to the interrogatories. Fed. R. Civ. Pro. 33(b)(4). Additionally, unless a physician certifies in writing that submitting to a deposition would be injurious to Saah's health, Saah shall present himself for deposition no later than June 1, 2010.[1] A failure to comply with this Order may result in sanctions, including a dismissal with prejudice of Saah's claims. *See* Fed. R. Civ. Pro. 37(b)(2)(A)(v).

**C. The Motion to Reopen Deposition**

Defendants' second motion involves their discovery into allegedly improper payments from Plaintiffs' counsel to Plaintiffs in this matter. In January of this year, Defendants took the deposition of Matthew Lloyd, an individual who works with Plaintiffs' local counsel, Alfred Brownell. In the weeks since the deposition, Plaintiffs have produced more documents

---

[1] The Court expects that the parties will work together to schedule the exact date, time, and location for the deposition, to minimize the costs for both sides and to minimize any threat to Saah's health.

concerning Mr. Brownell's firm's payments to Plaintiffs. Defendants have argued, and Plaintiffs haven't disputed, that Defendants' Fed. R. Civ. Pro. 34 document requests called for those recently produced documents before Lloyd's deposition. Through their Motion to Reopen Deposition, Defendants seek to re-open Mr. Lloyd's deposition, at Plaintiffs' expense. They want to question him about those belatedly produced documents and, suspecting that more documents may exist, about the thoroughness of his post-deposition searches that uncovered them.

The major theme of Plaintiffs' response brief was that Defendants could explore the additional documents with Mr. Brownell at his upcoming March 1 deposition. Because, they said, Mr. Brownell is the person most knowledgeable about any payments that flowed through his office, any additional testimony that Mr. Lloyd could offer would be duplicative of that from Mr. Brownell. As Defendants chronicle in their reply, however, Mr. Brownell didn't have answers to all of Defendants' questions. In fact, as to some, Mr. Brownell indicated that Mr. Lloyd would be the one knowledgeable about some of the belatedly produced documents. [*See* dkt. 435-5 at 44.]

The applicable standard applicable here isn't in dispute: The Court "must grant leave [to reopen a deposition] to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. Pro. 30(a)(2). Under Rule 26(b)(2), the Court must only prohibit that discovery if the Court finds that the discovery is "unreasonably cumulative," that Defendants already "had ample opportunity to obtain the information by discovery," or that the burden of the discovery outweighs its cost. Fed. R. Civ. Pro. 26(b)(2)(C)(i)-(iii).

After considering the standards set forth in 26(b)(2), the Court finds that none of them apply. Mr. Brownell's lack of knowledge, particularly regarding the search that uncovered the

belatedly produced documents, leaves new ground to be covered with Mr. Lloyd. And because Plaintiffs belatedly produced the documents, Defendants had no opportunity to cover that ground in Mr. Lloyd's original deposition. Finally, given the potentially persuasive impeachment value of the evidence about the payments to Plaintiffs by Liberian counsel, the Court cannot say that the burden of re-opening Mr. Lloyd's deposition, on the terms indicated at the end of this Order, outweigh the benefits.

Insofar as Defendants seek to make Plaintiffs pay all their attorney fees and costs that re-opening the deposition will occasion, the Court will partially deny that request. The Court is cognizant of the difficulties inherent in Plaintiffs' counsel's attempt to supervise document collection in Liberia. Yet Defendants should also not be prejudiced by Plaintiffs' failures to meet the discovery obligations imposed by the forum that Plaintiffs themselves selected. To appropriately balance these competing interests, the Court will require Defendants to pay their own attorneys' fees for the deposition (which they would have incurred anyway had all the documents been timely produced), but will require Plaintiffs to pay the costs of the re-opened deposition itself. (As Defendants' counsel will not make a special trip to Liberia to conduct the deposition, Defendants' counsel's travel expenses will be borne by Defendants.)

## Conclusion

The Court **GRANTS** the Motion to Compel. Saah shall answer all outstanding discovery within **fourteen** days. He shall also present himself for a deposition no later than **June 1, 2010**, unless a physician certifies that submitting to a deposition would be injurious to his health.

The Court also **GRANTS IN PART** and **DENIES IN PART** the Motion to Reopen Deposition. Mr. Lloyd's deposition shall be re-opened, subject to the following conditions:

- It shall be limited to ninety minutes.

- It shall be limited to the issues implicated by the belatedly produced documents and the search for those documents.

- It shall take place during the parties' next planned trip to Liberia (for example, in connection with Saah's deposition or with trial depositions [*see* dkt. 355]).[2]

- Consistent with the notion the deposition is being re-opened, it shall only be videotaped if Mr. Lloyd's original deposition was videotaped.

- No later than **March 26, 2010**, the parties shall file their agreement about which documents must be logged on a privilege log in this case.

- No later than **April 2, 2010**, lead counsel for the parties shall each certify—to the best of their knowledge obtained after reasonable inquiry—that all documents responsive to all previous discovery requests have been produced, logged as privileged (except for those documents that the parties have agreed not to log), or else withheld on the basis of a specific (i.e. non-boilerplate) objection.

Within **thirty** days of Plaintiffs' counsel's receipt of the transcript from Mr. Lloyd's re-opened deposition, Plaintiffs (or their counsel) shall pay Defendants for the costs associated with re-opening the deposition, but not Defendants' fees for attending the deposition.

Because Defendants have made no request for fees associated with bringing this motions and, alternatively, because of the uncivil tone of the briefing, each side shall bear their own fees and costs for these discovery motions.

---

[2] If no further trips to Liberia are planned, then Mr. Lloyd shall present himself in the United States, at Plaintiffs' expense, for the deposition, no later than November 1, 2010. The parties may, of course, agree to any additional arrangements regarding Mr. Lloyd's deposition.

03/10/2010

*Signature: Jane Magnus-Stinson*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

Rafael S. Garcia
CONRAD & SCHERER, LLP
rgarcia@conradscherer.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly D. Jeselskis
JESELSKIS LAW OFFICES, LLC
kjeselskis@kdjlegal.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Nora L. Macey
MACEY SWANSON AND ALLMAN
nmacey@maceylaw.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Kasper Sorensen
CONRAD & SCHERER, LLP
ksorensen@conradscherer.com

David L. Wallach
JONES DAY
dwallach@jonesday.com