UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOIMAH FLOMO, *et al.*, | ) |
|     *Plaintiffs*, | ) |
| | ) |
|     *vs.* | )    1:06-cv-00627-WTL-JMS |
| | ) |
| BRIDGESTONE AMERICAS HOLDING, INC., *et al.*, | ) |
|     *Defendants*. | ) |

## ORDER

Presently before the Court is Plaintiffs' Motion to Compel Document Production. [Dkt. 392.]

### BACKGROUND

Although Plaintiffs have filed a motion to amend their complaint to add claims arising under Liberian law, [dkt. 206], the District Judge hasn't yet ruled on that motion. As the case currently stands, therefore, the sole legal claim in this action concerns whether Defendants are liable for permitting or encouraging "worst forms" of child labor on a rubber plantation in Liberia, in violation of international law made actionable under the Alien Tort Statute, 28 U.S.C. § 1350. *See Roe v. Bridgestone Corp.*, 492 F. Supp. 2d 988 (S.D. Ind. 2007). But not all types of child labor will qualify as a "worst form." [*See* dkt. 352 at 4-5.] The ruling on the pending motion summary judgment, [dkt. 208], will flesh out what does and doesn't qualify within the context of this case. [*See* dkt. 352 at 6.]

The present discovery dispute, as narrowed in the course of the briefing, concerns the propriety of Defendants' relevance objections to Requests 1 and 2 from the Fifth Set of Document Requests. [Dkt. 441 at 2.] Those requests read as follows:

> **REQUEST NO. 1:** All DOCUMENTS sufficient to show workforce statistics of EMPLOYEES who work for or on the Firestone Plantation, including the

categorical breakdown of EMPLOYEES…of the labor force for Firestone Liberia for each year, beginning in 1995 through to the present, including the number of each category of employee employed per year.

**REQUEST NO. 2:** All DOCUMENTS sufficient to show the yearly gross payroll beginning in 1995 through the present for the Firestone Plantation, including documents showing how much was paid on a yearly basis to each individual and to whom it was paid.

[Dkt. 393-2 at 2.]

## DISCUSSION

Ordinarily, parties may only pursue discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Pro. 26(b)(1). Upon a showing of "good cause," however, they may also pursue "discovery of any matter relevant to the subject matter involved in the action." *Id.* The drafters of the Federal Rules added that requirement for "good cause" in 2000 to "signal[] to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and [to] signal[] to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Advisory Committee Notes to 2000 Amendment to Rule 26(b)(1).

Here, Plaintiffs argue that their "claims for unjust enrichment entitle them to discovery responsive to Requests 1 and 2." [Dkt. 441 at 6 (emphasis omitted and capitalization altered).] But, unless and until they obtain leave to assert that Liberian cause of action, they have no such claims in this action, and thus have no entitlement under the Federal Rules to obtain discovery on those claims.

While good cause could permit discovery on those non-asserted claims, the Court finds it lacking here for two reasons. First, in opposing Plaintiffs' motion to amend, Defendants have argued that Liberian law doesn't recognize free-standing claims for unjust enrichment along the lines of what Plaintiffs have proposed and, even if it did, Plaintiffs haven't properly pleaded

unjust enrichment under Liberian law. [Dkt. 212 at 12-13.] The District Judge should have the opportunity to review the appropriateness Plaintiffs' proposed claims before discovery begins on them, particularly given that the Supreme Court's recently adopted a more rigorous pleading standard, in part, out of a concern overr discovery into meritless claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." (quotation and citation omitted)). Second, waiting before undertaking the requested discovery should cause minimal disruption in the parties' case preparations. If amendment is ultimately permitted, the discovery at issue here would implicate only a small portion of the factual issues in this case and could be provided quickly given that Defendants don't raise an undue burden objection to it.

Accordingly, the Court **DENIES** the Motion to Compel Document Production. Because Plaintiffs' request to conduct discovery on the Liberian claims was reasonable—albeit not so compelling as to overcome other considerations—the Court finds that it would be inappropriate to award Defendants any fees for prevailing on the motion. *See* Fed. R. Civ. Pro. 37(a)(5)(B) (precluding an award of fees when the moving party's position was "substantially justified or other circumstances make an award of expenses unjust").

04/30/2010

*[signature: Jane Magnus-Stinson]*

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

Rafael S. Garcia
CONRAD & SCHERER, LLP
rgarcia@conradscherer.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly D. Jeselskis
JESELSKIS LAW OFFICES, LLC
kjeselskis@kdjlegal.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY

tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Kasper Sorensen
CONRAD & SCHERER, LLP
ksorensen@conradscherer.com

David L. Wallach
JONES DAY
dwallach@jonesday.com