UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BIOMAH FLOMO, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Cause No: 1:06-cv-627-WTL-JMS |
| ) | |
| **BRIDGESTONE AMERICAS** ) | |
| **HOLDING, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ENTRY ON MOTION TO DISMISS SAAH LEAYON WITHOUT PREJUDICE

This cause is before the Court on the motion of Plaintiff Saah Leayon seeking to dismiss his claims in this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (dkt. #387). The motion is premised on the assertion that Saah is unable to participate in this litigation due to the fact that he suffers from an illness. Unfortunately, the Plaintiffs have not provided any specific information regarding the nature of Saah's condition, including how long it is likely to continue or, indeed, whether he still suffers from it today. Instead, the Plaintiffs have submitted only declarations signed by Saah and his father in December 2008 which state only that Saah is "no longer able to be a named plaintiff in the case" "[f]or reasons of poor health," and the more recent (January 2010, just prior to the filing of the instant motion) testimony of his father that Saah did not live with him at that time because he was "not all right," a reference to his illness. This information is insufficient to justify a dismissal of Saah without prejudice at this stage in the litigation. *See U.S. v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (including "insufficient explanation for the need to take a dismissal" as type of "plain legal prejudice" to defendant that weighs against permitting dismissal without prejudice). Accordingly, the motion to dismiss is **DENIED**.

The Court recognizes that Magistrate Judge Magnus-Stinson already has ordered Saah to respond to written discovery and either to submit to a deposition or present a physician's certification that doing so would be injurious to his health. If in the course of complying with that order the Plaintiffs obtain more concrete information regarding the state of Saah's health and believe they can adequately demonstrate his inability to participate in this litigation, they may, of course, renew the instant motion. If they do not comply with Magistrate Judge Magnus-Stinson's order, the Court has no doubt that the Defendants will promptly move for Saah's dismissal with prejudice based upon that failure.

One further note: the Court appreciates and echoes the admonition of Magistrate Judge Magnus-Stinson regarding the tone of the parties' briefs in this case. The Court also will not hesitate to strike any brief that does not comport with the civility standards to which counsel are bound and about which they have been reminded on more than one occasion during the course of this litigation.

SO ORDERED:  05/20/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification