UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOIMAH FLOMO, *et al.*, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs.* | ) | 1:06-cv-00627-WTL-JMS |
| | ) | |
| BRIDGESTON AMERICAS HOLDING, INC., *et al.*, | ) | |
|     *Defendants*. | ) | |

**ORDER**

Presently before the Court is Defendants' Motion to Compel Production of Documents Related to Disciplinary Action and Lawsuit Against Plaintiffs' Expert Dr. Judy Okawa (the "Motion to Compel"). [Dkt. 505.] There, Defendants complain that Dr. Okawa hasn't produced all the documents required of her pursuant to a subpoena duces tecum that, as is relevant here, called for documents relating to professional discipline and professional lawsuits against her. [*See* dkt. 506-2 at 3.] They want a Court order requiring her to do so now.

Because Defendants seek to enforce a subpoena, Federal Rule of Civil Procedure 45 controls. And under Federal Rule of Civil Procedure 45, a party who has served a subpoena is "entitled to the materials identified in the subpoenas only pursuant to an order of the district court from which the subpoena[] w[as] issued." *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (citations omitted). Unless and until the issuing court relinquishes jurisdiction to the court presiding over the underlying litigation—and a split of authority exists as to whether the issuing court can ever relinquish jurisdiction—the "federal court presiding over the main legal proceeding…lacks subject matter jurisdiction" to enforce the subpoena. *Fisher v. Hamilton*, 2006 Bankr. LEXIS 4075, *7 (Bankr. N.D. Ill. 2006) (citations and footnote omitted).

Here, Defendants seek to enforce a subpoena issued from the U.S. District Court for the District of Columbia to obtain discovery in this action. [*See* dkt. 506-2.] As the record doesn't indicate that that issuing court has ever relinquished jurisdiction over its subpoena, Defendants ask this Court for relief that this Court is jurisdictionally unable to provide. Accordingly, the Motion to Compel is **DENIED**.[1]

06/07/2010

*Jane Magnus-Stinson*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

Rafael S. Garcia
CONRAD & SCHERER, LLP
rgarcia@conradscherer.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Piper M. Hendricks
CONRAD & SCHERER
1156 15th St., NW, Suite 502

---

[1] Even if this Court had jurisdiction to consider the merits, under the circumstances presented, the probative value of the additional discovery on this ancillary matter to the merits is likely outweighed the burden of compliance and would thus be improper. Fed. R. Civ. Pro. 26(b)(2)(iii).

Washington, DC 20003

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly D. Jeselskis
JESELSKIS LAW OFFICES, LLC
kjeselskis@kdjlegal.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Kasper Sorensen
CONRAD & SCHERER, LLP
ksorensen@conradscherer.com

David L. Wallach
JONES DAY

dwallach@jonesday.com