UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BOIMAH FLOMO, *et al.*,  )
    *Plaintiffs*,  )
                             )
    *vs.*                             )        1:06-cv-00627-WTL-JMS
                             )
BRIDGESTONE AMERICAS HOLDING, INC., *et*  )
*al.*,  )
    *Defendants*.  )

## ORDER

Presently before the Court is Defendants' Motion to Compel Francis Collee and Matthew Lloyd to Answer Deposition Questions (the "Motion to Compel Deposition Answers"). [Dkt. 417.][1]

### BACKGROUND

This case, brought under the Alien Tort Statute for alleged violations of the prohibitions against the "worst forms" of child labor, has seen many discovery disputes. This latest one concerns the propriety of certain deposition questions asked of two agents of Plaintiffs' Liberian local counsel, Mr. Collee and Mr. Lloyd. Those questions at issue here fall into four categories: (1) questions about the paternity of Johnny Myciaga, a minor Plaintiff;[2] (2) questions about payments local counsel made to Plaintiffs during this litigation; (3) questions about the health of Saah Leayon, another minor Plaintiff; and (4) questions about the drafting of certain declarations that Plaintiffs have previously submitted, declarations which were, according to Defendants, materially inconsistent with Plaintiffs' later depositions. For each of the questions at issue,

---

[1] Plaintiffs filed a surreply in further opposition to the Motion to Compel, [dkt. 473]—but did so without requesting or receiving Court approval to file a brief not contemplated under the local rules, *see* L.R. 7.1. Accordingly the Court hasn't considered it.

[2] Plaintiffs have elected to waive the confidentiality normally afforded to minors' names. [*See* dkt. 203.]

counsel objected on the basis of attorney-client privilege. Seven questions additionally brought work-product objections.

## DISCUSSION

Because Plaintiffs have sued under a federal statute, federal law governs the scope of the attorney-client privilege, Fed. R. Evid. 501. And under federal law, the party seeking to invoke the privilege to avoid answering a question bears the burden of proving that the question calls for the disclosure of a client communication "made: (1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney [or the attorney's agent]; and (4) in the context of an attorney-client relationship." *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). The underlying facts themselves don't become privileged just because a client relayed them to a lawyer. *Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981) ("The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." (quotation omitted)).

Federal law provides work-product immunity in cases like this one filed in federal court, Fed. R. Civ. Pro. 26(b)(3), to "preserve a zone of privacy in which a lawyer can prepare and develop theories and strategy..., free from unnecessary intrusion by his adversaries," *United States v. Cinergy Corp.*, 2008 WL 5424007, *3 (S.D. Ind. 2008) (quotation omitted). The plain text of Rule 26(b)(3) only protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative...." *Id.* Nevertheless, judicial glosses on the rule have extended its protections to questions posed during depositions. *See, e.g.*, *Jackson v. City of Chicago*, 2006 WL 2224052, *5 (N.D. Ill. 2006). *See*

*also Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947). When the work-product at issue implicates the opinion of counsel or counsel's agents, work-product immunity is absolute. *See* Fed. R. Civ. Pro. 26(b)(3)(B). Otherwise, it offers only qualified immunity, which can be overcome upon a sufficient showing of need. *Id.* 25(b)(3)(A)(ii). In no event, however, does the immunity attach to underlying facts, even those that only become known through the hard work of counsel. *See Hickman*, 329 U.S. at 505. The party seeking to invoke work-product immunity bears the burden of proving its applicability. *See, e.g.*, *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1120 (7th Cir. 1983).

Like all rights, the rights to assert attorney-client and work-product objections are both subject to both waiver and forfeiture, two related but distinct doctrines, *see generally United States v. Kincaid*, 571 F.3d 648, 654 (7th Cir. 2009) ("The Supreme Court has explained, and we have echoed on numerous occasions, that waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (quotation, citations, and alteration omitted)); *Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122, 1127-28 (7th Cir. 1997) (discussing the difference between "waiver" and "forfeiture" in the privilege context).

With those general parameters in mind, the Court will now turn to questions at issue in the Motion to Compel.[3]

**A. Questions Regarding Johnny Myciaga's Paternity**

Of the four questions at issue here concerning Johnny Myciaga's paternity, the Court sustains Plaintiffs' objections to all but the following question: "Did you—before Defendants

---

[3] The Court notes that Plaintiffs have argued that Defendants have failed to sufficiently meet and confer on this discovery dispute and thus should lose this discovery dispute entirely. *See* Local Rule 37.1. But the Court finds the meet-and-confer to have been sufficient.

raised it, did you have any information obtained from any—any source other than a client that Johnny Myciaga was known by a different or another name?" [Dkt. 418-1, 56:4-7.] That question doesn't implicate the attorney-client privilege because it expressly excludes information conveyed from the client. To whatever extent that it implicates work-product immunity, it calls for a statement of fact rather than opinion, which the Plaintiffs must reveal under the circumstances here.

Although Defendants have argued that Plaintiffs' failure to object to certain other questions asked during the depositions should preclude them from asserting attorney-client or work-product objections to these questions—and to all the other questions at issue in the Motion to Compel—the Court doesn't agree. To whatever extent Plaintiffs failed to object to any arguably objectionable questions in the midst of the deposition, the failure appears to have been inadvertent, rather than a voluntary waiver of the objections. Furthermore, because Plaintiffs aren't attempting to use impermissible sword-and-shield tactics with their objections, forfeiture of the present objections isn't appropriate either.

### B. Questions Regarding Plaintiffs' Local Counsel's Payments to Plaintiffs

All Plaintiffs have asserted attorney-client privilege over eight questions involving the extent to which their local counsel has made payments to certain Plaintiffs.[4] [*See* dkt. 417 at 2-3.] The Court overrules those objections, however, because Plaintiffs haven't shown that the questions seek client communications at all or, if they did, that the communications relate to legal advice. As to the latter, the Court finds that asking, for example, whether one agent reimbursed a Plaintiff for a travel expense is a far cry from asking the agent to divulge counsel's advice to the Plaintiff about the merits of this case.

---

[4] Defendants have withdrawn two questions concerning when U.S. counsel were informed of certain documents. [*See* dkt. 470 at 9 n.4.]

### C. Questions About Plaintiff Saah Leayon's Health

Next, Defendants seek to compel answers to five questions about Mr. Leayon's health. Defendants sought that information after Plaintiffs "put [it] into issue…by claim[ing] that Mr. Leayon is in 'poor health' and thus cannot continue with the lawsuit." [Dkt. 417 at 11.] Subsequent to the briefing on the Motion to Compel, however, the Court has ordered Mr. Leayon to fully participate in discovery, [dkt. 464], and has rejected Mr. Leayon's claims that his poor health entitles him to be dismissed from this lawsuit, [dkt. 526]. Because Mr. Leayon's health is now not at issue and because, in the interim, Defendants have had the opportunity to depose Mr. Leayon himself—a "more convenient" source for the information, Fed. R. Civ. Pro. 26(b)(2)(C)(i)—the Court need not and will not decide the privilege claims.

### D. Questions About the Drafting of Plaintiffs' Declarations

The final batch of questions at issue here concern the drafting of Plaintiffs' declarations, questions which drew both attorney-client and work-product objections. Absent claims of crime-fraud waiver, not raised here, the process of drafting a party's affidavit is generally off-limits in discovery, under both the attorney-client privilege to the extent that a lawyer was involved and under work-product immunity even if one was not. *See Randleman v. Fid. Nat'l Title Ins. Co.*, 251 F.R.D. 281, 285 (S.D. Ohio 2008); *United States v. Univ. Hosp., Inc.*, 2007 U.S. Dist. LEXIS 41189, \*\*2-3 (S.D. Ohio 2007). That general rule applies here; the Court will sustain Plaintiffs' objections.

## CONCLUSION

Defendants' Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. Defendants may re-open the depositions of Mr. Collee and Mr. Lloyd to ask the questions indicated at docket 418-1, 55:19-56:12, 65:2-20, 117:18-118:5, 128:20-130:2; and at docket 418-

2, 84:14-21, 135:24-136:21, together with any related follow-up questioning.[5] The re-opened depositions shall last up to one-hour, with time to be divided between the two deponents as Defendants may choose.

Defendants haven't asked for any fees or costs associated with this Motion to Compel, so the Court awards none.

06/14/2010

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

Rafael S. Garcia
CONRAD & SCHERER, LLP
rgarcia@conradscherer.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Piper M. Hendricks
CONRAD & SCHERER LLP
phendricks@conradscherer.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100

---

[5] The Court acknowledges that Plaintiffs have requested that Defendants propound interrogatories instead, but rejects that request because it would not permit any follow up questioning.

Venice, CA 90291

Kimberly D. Jeselskis
JESELSKIS LAW OFFICES, LLC
kjeselskis@kdjlegal.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Kasper Sorensen
CONRAD & SCHERER, LLP
ksorensen@conradscherer.com

David L. Wallach
JONES DAY
dwallach@jonesday.com