UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOIMAH FLOMO, *et al.*, | ) |
|     *Plaintiffs*, | ) |
| | ) |
|     *vs*. | )    1:06-cv-00627-JMS-TAB |
| | ) |
| BRIDGESTONE AMERICAS HOLDING, INC., *et al.*, | ) |
|     *Defendants*. | ) |

**ORDER**

Presently before the Court is Plaintiffs' Motion to Amend the Complaint. [Dkt. 206.] The motion, filed approximately three-and-a-half years into this case and ten months after the Court first determined that Liberian law would control any non-federal causes of action in this alleged "worst form of child labor" case, [*see* dkt. 129], seeks to invoke the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367, to assert claims brought under Liberian law. [*See* dkt. 227-9 ¶9.]

Where, as here, a party seeks to amend a pleading within the time permitted under the case management plan, Federal Rule of Civil Procedure 15 obliges the party to obtain "the court's leave…[which the court] should freely give…when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

Justice doesn't require leave in this case, for several reasons. First, Plaintiffs delayed filing their motion until the day the amendment deadline expired, the same day that Defendants moved for summary judgment. [*See* dkts. 206, 208.] While technically timely, as Defendants note, courts often find unduly prejudicial motions to amend pleadings juxtaposed with a summary judgment motion, on the grounds that it is unfair to require the other party to litigate against changing legal theories. *See Cowen v. Bank United of Texas FSB*, 1995 WL 38978, *9

(N.D. Ill. 1995).  That unfairness is compounded when there has been significant delay, as there has been here—by waiting ten months since the Court ruled Liberian law would apply— in requesting leave to amend, *see, e.g.*, *Myers v. Mid-West Nat'l Life Ins. Co.*, 2008 WL 927646 (D. Colo. 2008) (finding a six-month delay between discovery of new evidence and motion to amend complaint based upon that evidence "significant delay").  Furthermore, permitting the amendment might necessitate re-opening fact discovery,[1] a consideration that also militates against granting the motion.  *See Johnson v. Methodist Med. Ctr.*, 10 F.3d 1300, 1303-04 (7th Cir. 1993).  And—perhaps most importantly—injecting new causes of action now would necessitate another round of motion practice with respect to the amended complaint, further jeopardizing the current trial date that is already well beyond that contemplated under the Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471-482, a trial date that the Court intends to keep if reasonably possible.

Even assuming, however, that amendment were appropriate, the Court would decline to exercise supplemental jurisdiction over the claims.  *See* 28 U.S.C. § 1367(c); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (explaining that the supplemental jurisdiction statute codifies the long-standing practice that hearing claims not brought pursuant to original jurisdiction is a matter "of discretion, not of plaintiff's right" (quotation omitted)).  In addition to the considerations already outlined, others compel the denial of the motion.  The case is already complex even before the addition of foreign causes of action (which will be difficult for the Court to research because of the lack of widely available Liberian legal materials in this country).  Strides have been made in reestablishing the Liberian civil justice system following

---

[1] The Court acknowledges that Plaintiffs filed their motion while fact discovery was still open. Court congestion has, however, delayed consideration of it until now.

- 2 -

the civil war.[2] Liberia is presumably interested in enforcing its own laws. And there are significant logistical difficulties associated with litigating the legality of conduct one continent away from where it occurred. The Court therefore concludes that "judicial economy, convenience, fairness, and comity," *Int'l College of Surgeons*, 522 U.S. at 173 (quotation omitted) would be best served by the adjudication of Plaintiffs' Liberian claims in Liberia.

The Motion to Amend the Complaint is **DENIED**.

06/15/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

Rafael S. Garcia
CONRAD & SCHERER, LLP
rgarcia@conradscherer.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Piper M. Hendricks
CONRAD & SCHERER LLP

---

[2] http://www.judiciary.gov.lr/index.php?option=com_content&view=section&layout=blog&id=32&Itemid=108 (website of Liberian Supreme Court discussing, among other things, most recent appointments of trial court judges) (last visited June 15, 2010).

- 4 -

phendricks@conradscherer.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly D. Jeselskis
JESELSKIS LAW OFFICES, LLC
kjeselskis@kdjlegal.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Kasper Sorensen
CONRAD & SCHERER, LLP
ksorensen@conradscherer.com

David L. Wallach
JONES DAY

dwallach@jonesday.com