UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOIMAH FLOMO, et al., <br> Plaintiffs, <br> vs. <br> BRIDGESTONE AMERICAS HOLDING, INC., et al., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:06-cv-627-JMS-TAB |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs are adults and children who have worked as latex harvesters, or "tappers," on Defendants' Liberia rubber plantation. Plaintiffs' remaining count against Defendants alleges that adult tappers were assigned so much work that—lacking sufficient funds to hire adult help, and needing money to avoid starvation—they conscripted their children to complete it. Highly relevant to Plaintiffs' allegations, therefore, is the time it takes for a tapper to complete his daily work.

It turns out that shortly after this case was filed, Defendants' trial counsel commissioned a study to determine how long it takes a tapper to complete his daily work. Plaintiffs would very much like to have a copy of this "tapper time study," along with related documents such as raw data and emails. Plaintiffs requested the tapper time study in their fourth request for production of documents, but Defendants withheld it on work product grounds. Plaintiffs moved to compel production of the tapper time study and related documents, and this motion was the subject of a July 29, 2010, telephonic status conference during which both parties were given a full and fair opportunity to be heard. The Court has considered the parties' arguments and denies Plaintiffs' motion to compel [Docket No. 564] because the tapper time study is protected by the work

product privilege, Defendants have not waived the privilege, and Plaintiffs have not demonstrated a substantial need for the study.

    *A.    Work product*

First, Plaintiffs argue that the work product privilege does not apply to the tapper time study because it was not created in anticipation of litigation but was instead created for use in union negotiations or as a public relations device. [Docket No. 565 at 8–12.] Plaintiffs are correct that the work product privilege applies only to items prepared in anticipation of litigation. Fed. R. Civ. Proc. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."). But the affidavits submitted with Defendants' response show that the "purpose of this study was to assist with the defense of this lawsuit by understanding the time requirements for each component of a tapper's daily duties. If it had not been for this litigation, the study would not have been conducted." [*E.g.*, Docket No. 572, Ex. 1 at ¶ 2.] Moreover, the study was commissioned by defense counsel and is not a type of study that Defendants have previously conducted. The study was never used during union negotiations or made public, and it was not commissioned until seven months after the public relations blunder[1] it allegedly addresses. These facts show that although the study may have had collateral utility, its primary purpose was for use in this litigation, and the work product privilege applies.

---

[1] In November 2005, Dan Adomitis, President of Defendant Firestone Natural Rubber Company, told CNN reporters that it took a "couple of minutes" to tap each tree. From this statement, CNN calculated that the average tapper had a 21-hour work day, resulting in Adomitis becoming the "butt of jokes within [the] company for a long time." [Docket No. 565, Ex. A at 11.] Plaintiffs assert that the tapper time study was commissioned to rebut CNN's calculation.

*B. Waiver*

Second, Plaintiffs argue that even if the tapper time study satisfies the requirements for work product protection, Defendants waived the privilege by releasing selective child labor monitoring reports. [Docket No. 565 at 22–24.] Defendants respond that they have not selectively released documents because the child labor monitoring reports were from 2009 and were not connected to the 2006 tapper time study. [Docket No. 572 at 7.]

Had Defendants produced favorable portions of the tapper time study but withheld unfavorable portions on work product grounds, Plaintiffs would be justified in accusing Defendants of selective production. Instead, Defendants asserted the privilege over the entire 2006 study and produced the 2009 documents that were not part of the earlier counsel-commissioned study. Under these circumstances, Defendants are not inappropriately using the privilege as both a sword and a shield, and they have not waived the privilege protecting the tapper time study.

*C. Substantial need*

Third, Plaintiffs argue that even if the Court finds no waiver, the Court should order production of the tapper time study because Plaintiffs meet the exception found in Rule 26(b)(3)(A)(ii) for parties with "substantial need for the materials" who cannot "without undue hardship, obtain their substantial equivalent by other means." Plaintiffs assert that they have a substantial need for the study because it concerns an issue central to the case. Plaintiffs claim that they could not replicate the study without undue burden because they lack the authority to dictate conditions on Defendants' plantations, the information is not available from the tappers themselves (who do not wear watches but instead purportedly measure time by referring to their

own shadows), and Defendants changed the tappers' work conditions in August 2008. [Docket No. 565 at 15–17.] Finally, Plaintiffs claim that replicating the tapper time study would be "prohibitively expensive." [*Id.* at 17.]

Defendants do not dispute that tapper time is important to Plaintiffs' theory of the case. But Defendants stress that Plaintiffs could have commissioned a comparable study before the August 2008 changes at the plantation and chose not to. Defendants explain how Plaintiffs could approximate the 2006 study's conditions and have experts account for the differences. [Docket No. 572 at 10–12.] Defendants also note that Plaintiffs have produced no evidence that a replicated study would be cost prohibitive.

The importance of tapper time to Plaintiffs' theory is clear. However, Plaintiffs have not shown a substantial need for this privileged study. Although Plaintiffs may not be able to exactly replicate Defendants' 2006 study, they should be able to obtain the substantial equivalent by combining the discovery they already have with some real-time observations, plus testimony from the Plaintiffs themselves. Significantly, between November 2005 and August 2008 (when conditions changed on the plantation), Plaintiffs—who have been given fairly liberal access to Defendants' plantation—never approached Defendants about conducting a tapper time study. There is nothing in the record to suggest that the parties could not have worked out a suitable arrangement. After years without pursuing their own study, Plaintiffs cannot now expect a free ride from Defendants.

The work product privilege protects the tapper time study. Defendants have not waived the privilege, and Plaintiffs have not shown a substantial need for its production. The Court therefore denies Plaintiffs' motion to compel. [Docket No. 564.]

Dated: 08/18/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Terrence P. Collingsworth
CONRAD & SCHERER
tc@conradscherer.com

Katie J. Colopy
JONES DAY
kjcolopy@jonesday.com

Rafael S. Garcia
CONRAD & SCHERER, LLP
rgarcia@conradscherer.com

C. Christopher Groves
JONES DAY
cgroves@jonesday.com

Piper M. Hendricks
CONRAD & SCHERER LLP
phendricks@conradscherer.com

Paul L. Hoffman
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN
723 Ocean Front Walk
Suite 100
Venice, CA 90291

Kimberly D, Jeselskis
JESELSKIS LAW OFFICES, LLC
kjeselskis@kdjlegal.com

Christian Alexandra Levesque
CONRAD & SCHERER
cl@conradscherer.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Robert A. Mittelstaedt
JONES DAY
ramittelstaedt@jonesday.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Thomas A. Rector
JONES DAY
tarector@jonesday.com

Michael L. Rice
JONES DAY
mlrice@jonesday.com

Benjamin Schonbrun
SCHONBRUN DeSIMONE SEPLOW
HARRIS & HOFFMAN, LLP
schonbrun.ben@gmail.com

Kasper Sorensen
CONRAD & SCHERER, LLP
ksorensen@conradscherer.com

David L. Wallach
JONES DAY
dwallach@jonesday.com